09-3744-cv
*In re Centerline Holding Company Securities Litigation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand ten.

PRESENT:

>JOHN M. WALKER, JR.,
>CHESTER J. STRAUB,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

IN RE CENTERLINE HOLDING COMPANY
SECURITIES LITIGATION

J. MICHAEL FRIED, JOSEPH A. BRADDOCK, NORMAN
MILLMAN and EDWARD FRIEDLANDER, as Trustee for
the Ed Friedlander Trust, individually and on behalf of all
others similarly situated (collectively known as the "Centerline
Investor Group"),

>*Plaintiffs-Appellants*,

MARK K. GOLDSTEIN, DEBORAH DECHTER, PETER
FRANK, THOMAS LYONS, and LORI WEINRIB,

>*Consolidated Plaintiffs*,

>v.                                                    09-3744-cv
>                                                      Summary Order

CENTERLINE HOLDING COMPANY, MARC D.

SCHNITZER, ROBERT L. LEVY, JEFF T. BLAU, and STEPHEN M. ROSS,

*Defendants-Appellees.*[*]

---

FOR PLAINTIFFS-APPELLANTS:      Edward Labaton (Lawrence A. Sucharow and Joseph Sternberg, *on the brief*), Labaton Sucharow LLP, New York, NY, (Sherrie R. Savett, Barbara A. Podell, and Eric Lechtzin, Berger & Montague, P.C., Philadelphia, PA, *on the brief*).

FOR DEFENDANTS-APPELLEES:      Richard A. Rosen (Daniel J. Leffell, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, (Peter L. Simmons, Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY, and Jennifer F. Beltrami, Cozen O'Connor, New York, NY, *on the brief*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants, both individually and on behalf of a group of similarly situated investors, appeal from the January 12 and August 4, 2009 orders of the United States District Court for the Southern District of New York (Scheindlin, *J.*), dismissing their securities fraud claims brought under Section 10(b) of the Securities Exchange Act for failing adequately to plead scienter, and consequently dismissing their control person liability claims under Section 20(a) of the Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

---

[*] The Clerk of the Court is directed to amend the official caption to reflect the listing of the parties as indicated above.

This Court reviews a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 & n.2 (2d Cir. 2007) (applying *Twombly* standard to securities fraud claim).

A Section 10(b) claim requires a plaintiff to "establish that 'the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff.'" *Lawrence v. Cohn*, 325 F.3d 141, 147 (2d Cir. 2003) (quoting *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir. 2000)). For an omission to be considered actionable under Section 10(b) and the SEC's implementing regulation, the defendant must be subject to an underlying duty to disclose. *See Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988) ("To be actionable, . . . a statement must also be misleading. Silence, absent a duty to disclose, is not misleading under Rule 10b-5."); *Vacold LLC v. Cerami*, 545 F.3d 114, 121 (2d Cir. 2008). Such a duty can arise from the need to make prior statements not misleading. 17 C.F.R § 240.10b-5(b); *see also In re Time Warner Inc. Secs. Litig.*, 9 F.3d 259, 268 (2d Cir. 1993).

The Private Securities Litigation Reform Act ("PSLRA") imposes additional requirements on a securities fraud plaintiff:

> Any complaint alleging securities fraud must satisfy the heightened pleading
> requirements of the PSLRA and Fed. R. Civ. P. 9(b) by stating with particularity the

circumstances constituting fraud. Under the PSLRA, the complaint must specify each statement alleged to have been misleading, and the reason or reasons why the statement is misleading, and state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. Therefore, while we normally draw reasonable inferences in the non-movant's favor on a motion to dismiss, the PSLRA establishes a more stringent rule for inferences involving scienter because the PSLRA requires particular allegations giving rise to a strong inference of scienter.

*ECA*, 553 F.3d at 196 (internal quotation marks, citations, and brackets omitted). Scienter can be

established in the context of a Section 10(b) claim "by alleging facts to show either (1) that

defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence

of conscious misbehavior or recklessness." *Id.* at 198 (citing *Ganino*, 228 F.3d at 168-69).

"Conscious misbehavior or recklessness," in turn, can be established by showing, *inter alia*, that

defendants "knew facts or had access to information suggesting that their public statements were not

accurate." *Id.* at 199 (quoting *Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000)) (internal

quotation marks omitted). But conversely, where liability is premised upon alleged material

omissions, if the complaint "does not present facts indicating a clear duty to disclose" — such as that

arising from the need to correct or update prior statements — "plaintiff's scienter allegations do not

provide strong evidence of conscious misbehavior or recklessness." *Kalnit v. Eichler*, 264 F.3d 131,

144 (2d Cir. 2001) (emphasis omitted).

On appeal, Plaintiffs focus upon Defendants' alleged material omissions, arguing that the

Defendants had a duty to disclose their plans to transform Centerline's business model from one

focused on the generation of distributable tax-exempt income to that of an asset manager focused

on growth. Plaintiffs argue that Defendants' duty to disclose arose primarily from the need to make

various statements made to investment analysts during the class period not misleading.

After a careful review of the class period statements identified by Plaintiffs, we affirm the

4

dismissal of Plaintiffs' claims for substantially the reasons identified in the district court's January 12 and August 4, 2009 orders. We note particularly that the effort in Plaintiffs' amended complaint to characterize many of Defendants' class period statements as speaking to the company's future plans — and thus as misleading in light of Defendants' undisclosed plans for Centerline — fails when the statements are reviewed in their entirety and in the context of the questions from analysts to which they were responsive. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (noting well-established rule that a "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"). These statements were not rendered misleading by the Defendants' omissions. Because Defendants therefore had no clear duty to disclose their plans, and for the other reasons identified by the district court, Plaintiffs' amended complaint did not adequately allege "conscious misbehavior or recklessness," and otherwise failed sufficiently to allege fraudulent scienter.

We have considered the Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk